

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 12, 1961

Honorable Bill Thomas
County Attorney
Taylor County
Abilene, Texas

Opinion No. WW-982

Re: Whether a defendant, in operating
a motor vehicle upon a public high-
way and struck and killed a child,
and did not stop but fled from the
scene of the accident, should be
indicted under the provisions of
Article 1150 of the Penal Code or
under Sections 38 or 40 of Article
6701d, V.C.S.

Dear Mr. Thomas:

Your request for an opinion reads as follows:

"A defendant, in a case now pending before the 104th
Judicial District Grand Jury, is accused of operating his auto-
mobile on a public highway, and colliding with, and killing a
child. After the accident the defendant did not stop his motor
vehicle, but fled from the scene of the accident and was subse-
quently arrested in another county. My question is whether the
defendant should be charged in the indictment under Article 1150
of the Penal Code or under Sections 38 or 40 of Article 6701d,
V.A.C.S.

"Sections 38 and 40, Article 6701d, V.A.C.S., and Article
1150 of the Penal Code are inconsistent statutes, though such
statutes have similar penalties, they prescribed different duties
to be performed by the accused.

"In two recent cases the question was discussed indirectly
in dicta. Though no final determination of the question was made,
these cases indicate that Article 1150 of the Penal Code has been
repealed by Sections 38 and 40 of Article 6701d, V.A.C.S. In
Redding v. State, 316 S.W.2d 724 [1958], a defendant was charged
with having fled from the scene of an accident where no injury had
occurred. The Complaint and Information were drawn under Sections
39 and 40, Article 6701d, V.A.C.S., and the Court said:

"'Section 40 requires that in all cases covered by Section 39, supra, the driver of a vehicle involved in an accident should give to the occupants of the other vehicle certain specified aid and information.

"'(8) The Legislature having created the misdemeanor offense of failure to stop and render aid after a collision resulting only in damage to another vehicle, Article 1150, V.A.P.C., insofar as it is in conflict with the misdemeanor statute, was superseded and repealed.

"'We need not here consider the effect of Article 6701d, Section 38 and 40, which define a felony offense and provide the same punishment provided for the violation of Article 1150, V.A. P.C. That question is not before us.'"

"A subsequent case styled Blum vs. State, 317 S.W.2d 931, [1958] in the dissenting opinion Judge Davidson said:

"'This conviction, the, must be sustained--if at all--under Section 38, of Article 6701d, R.C.S. As pointed out, the indictment wholly fails to allege the constitutent elements of that statute.

"'If the holding in the Redding case is correct, then this conviction cannot be sustained under Article 1150, P.C., because that statute ceased to exist in 1947. If Sec. 38 of Article 6701d, R.C.S, superseded Article 1150, P.C., then in order to affirm this conviction under the section (Section 38 of Article 6701d, R.C.S.) the indictment must allege a violation of that section.'"

"In this case the defendant caused his automobile to collide with a person and injure that person and the evidence showed the defendant who was driving fled from the scene of the accident. This question was not discussed by the majority."

The Redding case, supra, holds that Article 1150 of the Penal Code, was repealed insofar as it conflicts with Section 39, Article 6701d. That is, where there has been property damage only. The validity of Sections 38 and 40 was not discussed. The Court in the Redding case, supra, held that Section 39 of Article 6701d was valid; there is no indication that Sections 38 and 40 are not valid.

Therefore, in a proper case, an indictment drawn under those sections should be valid.

The Blum case, supra, affirmed a conviction on an indictment in the form set out in Judge Davidson's dissent when there had been bodily injury in the accident.  Apparently the indictment in the Blum case was drawn under Article 1150, Texas Penal Code.

We feel therefore, that an indictment drawn under Sections 38 and 40 of Article 6701d, Vernon's Civil Statutes, would be valid, as would be an indictment drawn using the form in the Blum case.

## SUMMARY

Where a defendant, in operating a motor vehicle upon a public highway and struck and killed a child, and did not stop but fled from the scene of the accident, he should be indicted under the provisions of Sections 38 and 40 of Article 6701d, V.C.S, or by use of the form used in Blum v. State, 317 S.W.2d 931 (1958) which is apparently drawn under Article 1150 of the Texas Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Cecil Cammack, Jr.
Cecil Cammack, Jr.
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert

Gordon C. Cass
Tom I. McFarling
Jerry Roberts
Martin DeStefano

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt